Opinion issued May
24, 2012.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01059-CR

____________

 








JAMES OBRYANT MATHEWS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1179423

 

 



MEMORANDUM
OPINION








          Appellant,
James Mathews, pleaded guilty to the offense of aggravated robbery.[1]  The trial court found appellant guilty and, in
accordance with the terms of appellant’s plea agreement with the State,
sentenced appellant to confinement for six years.  Appellant has filed a pro se notice of
appeal.  We dismiss the appeal. 

In a plea bargained case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial or after obtaining the trial court’s permission to
appeal.  Tex. R. App. P. 25.2(a)(2). 
An appeal must be dismissed if a certification showing that the
defendant has the right of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

The trial court’s certification,
which is included in the record on appeal, states that this is a plea bargained
case and appellant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The record supports the trial court’s
certification. See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005). 
Because appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

          Furthermore,
appellant’s notice of appeal was untimely filed.  Appellant’s sentence was imposed on August 31,
2009.  Therefore, a notice of appeal, had
it been authorized by the trial court’s certification, would have been due on
or before September 30, 2009.  See Tex.
R. App. P. 26.2(a)(1).  Appellant
filed his notice of appeal on May 23, 2011. 
The court of criminal appeals has expressly held that, without a timely
filed notice of appeal, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); see also Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss the appeal
for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Jennings
and Keyes.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]           See Tex.
Penal Code Ann. § 29.03 (Vernons 2011).